**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALLSTATE VEHICLE AND** | : | **CIVIL ACTION** |
| **PROPERTY INSURANCE COMPANY** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TOP LINE BUILDERS, LLC, W XAVIER** | : | |
| **CONSTRUCTION LLC d/b/a WX** | : | |
| **Construction and SIMON & SONS** | : | |
| **REMODELING LLC** | : | **NO. 23-3974** |

**MEMORANDUM**

**Savage. J.**                                              **December 20, 2023**

In this property damage action, the plaintiff Allstate Vehicle and Property Insurance Company ("Allstate") moves to serve the defendant Simon & Sons Remodeling LLC ("Simon & Sons") by posting a copy of the summons and complaint at its business premises. Because Allstate's efforts to serve Simon & Sons were inadequate, we shall deny the motion.

A corporation must be served "by delivering a copy of the summons and of the complaint to an officer, a manager or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). An individual may be served by either delivering copies of the summons and the complaint personally to the defendant, leaving copies with someone of suitable age who resides at the individual's dwelling or usual place of abode, or delivering copies to the defendant's authorized agent. Fed. R. Civ. P. 4(e)(2)(A)-(C).

There is no federal civil rule providing for alternative service. However, Rule 4(e)(1) permits any method of service allowed by the state in which the judicial district is located. Pennsylvania Rule of Civil Procedure 430 allows for alternative service. It provides that "the plaintiff may move the court for a special order directing" an alternative method of service. Pa. R. Civ. P. 430(a).

Rule 430 does not explicitly identify the prerequisites for obtaining an order for alternative service. However, it requires the plaintiff to submit "an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." *Id.* Implicit in this requirement is that the plaintiff has an obligation to make both a good faith effort to locate the defendant and a practical effort to serve the defendant.

To justify alternative service, the plaintiff must demonstrate that: (1) it made a good faith effort to locate the defendant; (2) it made practical efforts to serve defendant under the circumstances; and (3) its proposed alternative means of service is "reasonably calculated to provide the defendant with notice." *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006) (citations omitted). If the plaintiff fails to satisfy the first two requirements, there is no need to consider the third.

Here, Allstate has failed to meet its burden to demonstrate that it made practical efforts to serve the defendant Simon & Sons. It has not shown that personal service upon Simon & Sons cannot be made.

### Good Faith Efforts to Locate Defendant

The note to Rule 430 provides a non-exhaustive list of good faith search efforts: "(1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act [("FOIA")], (2) inquiries of relatives, neighbors, friends, and employers of

the defendant, (3) examinations of local telephone directories, courthouse records, voter registration records, local tax records, and motor vehicle records, and (4) a reasonable internet search." Pa. R. Civ. P. 430(a) note. Other efforts include "calling telephone directory assistance" and "hiring private investigators or skip tracer services." *Barbosa v. Dana Cap. Grp., Inc.*, No. 07-1724, 2009 WL 902339, at *5 (E.D. Pa. Mar. 31, 2009) (footnotes omitted); *see also Clayman v. Jung*, 173 F.R.D. 138, 139–40 (E.D. Pa. 1997).

The plaintiff need not pursue all these methods, but it must do more than a "mere paper search." *N. Forests II, Inc. v. Keta Realty Co.*, 130 A.3d 19, 31 (Pa. Super. Ct. 2015) (quoting *Deer Park Lumber, Inc. v. Major*, 559 A.2d 941, 946 (Pa. Super. Ct. 1989)); *see also Calabro*, 464 F. Supp. 2d at 472. Indeed, "[a]lternative methods of service are an 'option of last resort.'" *Grove v. Guilfoyle*, 222 F.R.D. 255, 256 (E.D. Pa. 2004) (quoting *Witherspoon v. City of Philadelphia*, 768 A.2d 1079, 1089 n.3 (Pa. 2001) (Newman, J., dissenting)). Thus, courts in this district have deemed a plaintiff's efforts to personally serve a defendant insufficient where most of these methods were left unexplored. *See, e.g., Barbosa*, 2009 WL 902339, at *5 (citations omitted); *Johnson v. Berke Young Intern., LLC*, No. 07-2240, 2007 WL 3010531, at *2 (E.D. Pa. Oct. 12, 2007); *Accu-Tech Corp. v. Network Tech. Group, Inc.*, No. 05-1923, 2005 WL 1459543, at *2 (E.D. Pa. June 17, 2005).

Allstate has made efforts to locate Simon & Sons. It searched the Pennsylvania Department of State business entity database and Pennsylvania Office of the Attorney General's licensed contractor search.[1] The former yielded no results and the latter

---

[1] Pl.'s Mot. for Alternative Service of the Compl. Against Def., Simon & Sons Remondeling [sic] LLC ¶¶ 4–5, ECF No. 18 ("Pl.'s Mot.").

revealed an address of 608 Green Street, Norristown, for Simon & Sons.[2] The Municipality of Norristown, Department of Buildings & Code Enforcement's Licensed Contractors database listed Simon & Sons's primary agent as Ruben Simon.[3] A Westlaw public records search of Ruben Simon indicated his current address as 608 Green Street, Norristown, PA 19401.[4] An internet search revealed that Simon & Sons had been previously served at the 608 Green Street address in an unrelated state court proceeding.[5]

Though Allstate attempted service at the 608 Green Street address, it was unable to confirm that Simon & Sons or Ruben Simon currently resides there. Allstate made no inquiries of postal authorities, voter registration records, ownership or rental status of the property at 608 Green Street or property tax records. It made no inquiries of neighbors of the 608 Green Street property or friends and relatives of Ruben Simon. It did not hire any private investigators. It did not check the registration of the vehicle its process server saw in the driveway.

Although Allstate's attempts to locate Simon & Sons could have been better, they are sufficient.

### Practical Efforts to Serve Defendant

A plaintiff must also demonstrate that it made practical efforts to serve the defendant. Generally, a plaintiff must make multiple attempts to serve a defendant in

---

[2] *Id.*

[3] *Id.* ¶ 6.

[4] *Id.* ¶ 7.

[5] *Id.* ¶ 8.

order to demonstrate that alternative service is necessary. *See Banks v. Alvarez,* No. 08–2030, 2008 WL 2579704, at *2 (E.D. Pa. June 30, 2008). Though "[t]he number of times a plaintiff attempts to make service is not necessarily determinative of whether the efforts were reasonable and practical . . . it is certainly probative." *Banegas v. Hampton,* No. 08–5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009). "Visiting the defendant's location on different days of the week, or at different times of day" may be necessary. *Premium Payment Plan v. Shannon Cab Co.,* No. 04-4669, 2007 WL 2319776, at *2 (E.D. Pa. Aug. 13, 2007). Three attempts may be insufficient where two occurred on the same day of the week and two were made at the same time of day. *See, e.g.*, *United States v. Chhay*, No. 15-2078, 2015 WL 5460640, at * 2–3 (E.D. Pa. Sept. 17, 2015) (finding three service attempts insufficient where two attempts occurred on Thursdays and two occurred in the evening); *Calabro,* 464 F. Supp. 2d at 472.

Here, a process server made three attempts to serve the defendant.[6]   All three attempts were made on the same day of the week.[7] Two were made at the exact same time of day, 5:00 p.m., and one was made shortly after at 7:30 p.m.[8] The process server did not stake out the location to catch Ruben Simon leaving for the day and returning later.

Because it made only three attempts at personal service, all on the same day of the week between the hours of 5:00 and 8:00 p.m., Allstate's efforts to serve Simon & Sons are not sufficient. It has not demonstrated that personal service cannot be made.

---

[6] Aff. of Non-Service (attached as Ex. B to Pl.'s Mot., ECF No. 18-2).

[7] *Id.*

[8] *Id.*

**Conclusion**

Allstate has failed to demonstrate that it made practical efforts to serve Simon & Sons. Therefore, we shall deny Allstate's motion for alternative service.